WILLIAM F. MURPHY, Respondent, v. NORTHLAND ELEVATOR.COMPANY, a Corporation, Appellant.

(236 N. W. 352.)

Opinion filed April 25, 1931.

*Libby & Harris,* for appellant.
*John J. Coyle,* for respondent.

BURKE, J. This is an appeal from an order overruling a demurrer to a complaint. The complaint alleges that during the year 1927 the plaintiff performed work, labor, and services as a farm laborer of the reasonable value of $180, and that on the 8th day of November, 1927, plaintiff filed in the office of the register of deeds his certain farm laborer's lien; that thereafter the 1928 crops from said land were

hauled to the elevator of the defendant at Donnybrook, North Dakota, and were converted by the defendant to its own use and benefit. There was a demurrer to this complaint on the ground that it did not state a cause of action, which was overruled by the court, and from the order overruling the demurrer, the defendant appeals.

·It appears from the complaint that the labor was performed in 1927 and the plaintiff claims a lien on the crop of 1928 under § 6857, Comp. Laws 1913, which provides:

"Any person who performs services for another in the capacity of farm laborer between the first day of April and the first day of December in any year, shall have a lien on all crops of every kind grown, raised or harvested by the person for whom the services were performed during said time as security for the payment of any wages due or owing to such persons for services so performed, and said lien shall have priority over all other liens, chattel mortgages or incumbrances, excepting, however, seed grain and threshers' liens; provided, that the wages for which a lien may be obtained must be reasonable and not in excess of that which is usually charged for the same kind of work in the locality where the labor is performed; provided, further, that in case any such person without cause quits his employment before the expiration of the time for which he is employed, or if he shall be discharged for cause, then he shall not be entitled to a lien as herein provided."

The plaintiff's right to a lien as a farm laborer is purely statutory, and unless the statute gives him a lien he has no cause of action. This statute provides that any person who performs services for another in the capacity of farm laborer between the first day of April and the first day of December in any year shall have a lien on all crops of every kind, grown, raised, or harvested by the person for whom the services were performed during said time. It is clear from the statute that the labor must be performed between the first day of April and the first day of December, and for any work performed as laborer in the raising of a crop, the laborer is entitled to a lien on all of the crops of every kind grown, raised, or harvested by the person for whom the services were performed *during said time*. What time is referred to? Clearly it refers to the time between the first day of April and the first day of December. If the services are performed during that period the laborer

738

has a lien on all the crops raised during the period that the labor is performed. The statute does not give a laborer a lien upon the crops grown the year following the service.

· The trial judge should have sustained the demurrer. The order appealed from is reversed and the case is remanded with directions to enter an order sustaining the demurrer and dismissing the action.

CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE and BURR, JJ., concur.